IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

DAVID LANGWAY PLAINTIFF

V. NO. 11-5197

MICHAEL J. ASTRUE,
Commissioner of the Social Security Administration DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, David Langway, brings this action pursuant to 42 U.S.C. §405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claim for supplemental security income (SSI) under Title XVI of the Social Security Act (Act).[1] In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. §405(g).

**I. Procedural Background:**

Plaintiff protectively filed his current application for SSI on May 12, 2009, alleging an inability to work since May 12, 2009, due to "Bi polar, mood swings, suicidal, KNEE JOINT PROBLEM." (Tr. 133, 140). An administrative hearing was held on February 15, 2011, at which Plaintiff appeared with counsel, and he and his mother testified. (Tr. 26-64).

By written decision dated February 25, 2011, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe - bipolar

[1]The Court notes that the record reflects Plaintiff also filed an application for a period of disability and disability insurance benefits (DIB) under the provisions of Title II of the Act. (Tr. 120-121). However, neither party addresses this application in their brief, and the Court will therefore not address it.



AO72A
(Rev. 8/82)

disorder, social phobia, and rotator cuff impingement, bilateral. (Tr. 14). However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 14). The ALJ found Plaintiff retained the residual functional capacity (RFC) to perform:

> light work as defined in 20 CFR 416.967(b) except for occasional climbing of ramps and stairs, kneeling, and crawling, as well as avoid climbing ladders, ropes and scaffolds, and with no more than occasional lifting overhead. He can remember and carry out simple and complex tasks, and would work best in a low public, low coworker contact position due to his social phobia.

(Tr. 15). With the help of the vocational expert (VE), the ALJ determined that during the relevant time period, Plaintiff could perform such jobs as a housekeeper, hand packager, and mail clerk. (Tr. 20).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on July 21, 2011. (Tr. 1-3). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 5). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 9, 10 ).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

## II. Applicable Law:

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F. 3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind

would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F. 3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F. 3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F. 3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§423(d)(3), 1382(3)(D). A Plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant had engaged in substantial gainful activity since filing his claim; (2) whether the claimant had a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) met or equaled



AO72A
(Rev. 8/82)

an impairment in the listings; (4) whether the impairment(s) prevented the claimant from doing past relevant work; and (5) whether the claimant was able to perform other work in the national economy given his age, education, and experience. See 20 C.F.R. §416.920. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of his residual functional capacity (RFC). See McCoy v. Schneider, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §416.920.

**III. Discussion:**

Plaintiff contends that the ALJ erred in concluding that Plaintiff was not disabled because: 1) The ALJ used "the two filmiest [sic] 'no-credibility' arguments to discredit Plaintiff and that such arguments are contrary to Eighth Circuit case law regarding daily activities;" and 2) The ALJ erred when he misrepresented important facts about the Plaintiff which he then used to support his finding of no disability.

**A. Subjective Complaints and Credibility Analysis**

The ALJ was required to consider all the evidence relating to Plaintiff's subjective complaints, including evidence presented by third parties that relates to: (1) Plaintiff's daily activities; (2) the duration, frequency, and intensity of his pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of his medication; and (5) functional restrictions. See Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984). While an ALJ may not discount a claimant's subjective complaints solely because the medical evidence fails to support them, an ALJ may discount those complaints where inconsistencies appear in the record as a whole. Id. As the Eighth Circuit has observed, "Our touchstone is that [a claimant's] credibility is primarily a matter for the ALJ to decide." Edwards, 314 F.3d at 966.



AO72A
(Rev. 8/82)

Plaintiff argues that the ALJ did not refer to his mother's testimony, who would know most about Plaintiff's activities. Although the ALJ did not discuss Plaintiff's mother's testimony, no error was committed because an ALJ is not required to accept a statement from a witness who will benefit financially from the outcome of the case. See Roberson v. Astrue, 481 F.3d 1020, 1025 (8th Cir. 2007)(no error where ALJ did not discuss lay witness testimony because an ALJ is not required to accept a statement from a witness who will benefit financially). Plaintiff lived with his mother, and his mother would clearly benefit from a positive outcome in the case. In addition, the testimony of Plaintiff's mother was similar to Plaintiff's testimony and added little information to the case. See Choate v. Barnhart, 457 F.3d 865, 872 (8th Cir. 2006)(testimony of wife was similar to plaintiff's and added little information).

Plaintiff also argues that the ALJ did not say one word about the Plaintiff's mental conditions that kept him from leaving the house or socializing, or doing any of the things a young man would like to do. As noted by Defendant, such is not the case. The ALJ considered and discussed Plaintiff's mental impairments and his physical impairments in assessing his RFC. (Tr. 16-18). He considered the opinions of Dr. Stanford, Dr. Ugolini, and Dr. Boyd, and found that Plaintiff was capable of remembering and carrying out simple and complex tasks, and would work best in a low public, low coworker contact position due to his social phobia. (Tr. 15-18).

After reviewing the administrative record, and the Defendant's well-stated reasons set forth in his brief, it is clear that the ALJ properly considered and evaluated Plaintiff's subjective complaints, including the Polaski factors. He also addressed both Plaintiff's physical and mental impairments. The Court finds Plaintiff's argument to be without merit, and finds that there was sufficient evidence to support the ALJ's credibility findings.



AO72A
(Rev. 8/82)

**B. RFC Assessment:**

Plaintiff argues that the ALJ committed reversible error because he failed to mention that Plaintiff left Portland Community College making primarily F's and D's, and failed to recognize that all of the progress Plaintiff made was while he was on his medication. Plaintiff alleges that the ALJ relied on isolated remarks.

RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). It is assessed using all relevant evidence in the record. Id. This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of his limitations. Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005); Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003). "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect his RFC." Id.

In the present case, the ALJ considered all of Plaintiff's activities when determining that he could perform at a higher level than he alleged. Furthermore, the record indicates that Plaintiff was much better while on medication, and he testified at the hearing that he was not taking medication at that time because he did not have insurance and was unable to afford it. However, Plaintiff also testified that since moving to Arkansas, he had not attempted to receive

treatment at a reduced rate or free of charge. See Osborne v. Barnhart, 316 F.3d 809, 812 (8th Cir. 2003)(there was no evidence that plaintiff or her mother attempted to obtain treatment and were denied such treatment because of insufficient funds or insurance). The ALJ's RFC assessment is consistent with the findings of the consultative examiners and medical consultants of the State Disability Determination Services. In addition, the RFC assessment is consistent with Dr. Ugolini's opinion that Plaintiff's ability to get along with co-workers and the public without exhibiting behavioral/emotional extremes would be "moderately to markedly impaired" by virtue of the fact that the RFC included the statement that Plaintiff would "work best in a low public, low coworker contact position due to his social phobia." (Tr. 15).

The Court finds that the ALJ's RFC took into consideration all of the limitations which were supported by the record. Therefore, the Court finds there is sufficient evidence to support the ALJ's RFC findings.

**IV. Conclusion:**

Accordingly, having carefully reviewed the record, the undersigned finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision should be affirmed. The undersigned further finds that the Plaintiff's Complaint should be dismissed with prejudice.

DATED this 2nd day of August, 2012.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE



AO72A
(Rev. 8/82)